## BROWN v. BABB.

PROMISSORY NOTE: INDORSEMENT: ATTACHMENT.

*Appeal from Clarke District Court.*

SATURDAY, APRIL 24.

THE petition alleges as a cause of action that defendant is the indorser of a promissory note of which plaintiff is the indorsee; that the note remains unpaid, and that it was duly presented for payment at maturity, of which defendant had lawful notice. An amended petition shows grounds for an attachment, which was accordingly issued.

The defendant alleges in his answer that the note was indorsed by him "without recourse," and that no demand of payment was ever made upon the makers, and no notice of the dishonor of the paper was ever given to defendant. The answer also alleges that plaintiff so proceeded unlawfully and improperly to foreclose a chattel mortgage given to secure the note in suit, and another note, that he failed to realize from the mortgaged property sufficient to pay the note in suit, when in fact the property was of sufficient value to satisfy both notes. It is further alleged that the attachment was wrongfully issued, defendant denying the allegations of the petition showing cause therefor, and defendant sets up as a counter-claim damages sustained by him on account of the unlawful issuing of the attachment.

There was a trial to the court without a jury, and judgment rendered for defendant upon his counter-claim for $36. Plaintiff appeals.

*John Chaney, M. S. Temple* and *McIntire Bros.*, for appellant.

*Stivers & Holland*, for appellee.

BECK, J.—The counsel of plaintiff relies wholly upon the facts of the case as presented in the abstract in asking a reversal of the judgment of the court below. There is no disputed question of law in the case. Counsel for plaintiff insist that the District Court found against the evidence in holding that no presentment and demand of payment were made at the maturity of the note, and that no notice of its dishonor was given to defendant within the time and in the manner required by law. They frankly admit that the testimony involved in these questions is conflicting. The abstract abun-

dantly shows that upon all questions of fact there is a conflict in the testimony, and upon no point can it be claimed that there is such an absence of evidence in support of the judgment as would authorize us to interfere.

If plaintiff's counsel could establish that the court below erred in its conclusions upon the questions they argue this would not help them, for the court may well have found that defendant indorsed the note without recourse. There is a conflict in the testimony upon this point, as we have just intimated.

The abstract of plaintiff contains no evidence pertaining to the counterclaim. The amneded abstract of defendant shows that testimony upon that branch of the case was submitted to the court. We cannot of course review the decision thereon.

AFFIRMED.

The disposition we make of the case renders it unnecessary for us to determine a motion to strike a part of the abstract, made by defendant.